I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 12-20-12

DEPUTY CLERK



FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

DEC 20 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY A. FLORES, <br> Petitioner, <br> vs. <br> G.J. JANDA (Warden), <br> Respondent. | Case No. CV 12-10709-DMG (RNB) <br><br> ORDER TO SHOW CAUSE |

On December 14, 2012, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein. The Petition purports to state four grounds for relief.

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner has exhausted the remedies available in the courts of the State.[1] Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed

---

[1] The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

1

of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). The Ninth Circuit has held that a federal court may raise the failure to exhaust issue sua sponte and may summarily dismiss on that ground. See Stone v. San Francisco, 968 F.2d 850, 856 (9th Cir. 1992), cert. denied, 506 U.S. 1081 (1993); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1982) (per curiam), cert. denied, 455 U.S. 1023 (1982); see also Granberry v. Greer, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987).

Here, it appears from the face of the Petition that three of the four grounds for relief being alleged by petitioner (i.e., Grounds, One Two, and Four) were presented for the first time in petitioner's California Supreme Court habeas petition, Case No. S206757. According to the California Appellate Courts website, the petition in that case was filed on November 19, 2012 and remains pending.

Accordingly, petitioner's inclusion of Grounds One, Two, and Four in the Petition renders the Petition a "mixed petition" containing both exhausted and unexhausted claims. If it were clear here that petitioner's unexhausted claims were procedurally barred under state law, then the exhaustion requirement would be satisfied. See Castille v. Peoples, 489 U.S. 346, 351-52, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989); Johnson v. Zenon, 88 F.3d 828, 831 (9th Cir. 1996); Jennison v.

Goldsmith, 940 F.2d 1308, 1312 (9th Cir. 1991). However, it is not "clear" here that the California Supreme Court will hold that petitioner's unexhausted claims are procedurally barred under state law when it rules on petitioner's pending habeas petition (which being an original proceeding is not subject to the same timeliness requirement as a Petition for Review of a Court of Appeal decision). See, e.g., In re Harris, 5 Cal. 4th 813, 825, 21 Cal. Rptr. 2d 373, 855 P.2d 391 (1993) (granting habeas relief where petitioner claiming sentencing error, even though the alleged sentencing error could have been raised on direct appeal); People v. Sorensen, 111 Cal. App. 2d 404, 405, 244 P.2d 734 (1952) (noting that claims that fundamental constitutional rights have been violated may be raised by state habeas petition). The Court therefore concludes that this is not an appropriate case for invocation of either statutory "exception" to the requirement that a petitioner's federal claims must first be fairly presented to and disposed of on the merits by the state's highest court. See 28 U.S.C. § 2254(b)(1)(B).

Under the total exhaustion rule, if even one of the claims being alleged by a habeas petitioner is unexhausted, the petition must be dismissed. See Rose., 455 U.S. at 522; see also Coleman v. Thompson, 501 U.S. 722, 731, 115 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); Castille, 489 U.S. at 349. However, in Rhines v. Weber, 544 U.S. 269, 277, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), the Supreme Court held that, in certain "limited circumstances," a district court may stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims. Under Rhines, the prerequisites for obtaining a stay while the petitioner exhausts his state remedies are: (1) that the petitioner show good cause for his failure to exhaust his claims first in state court; (2) that the unexhausted claims not be "plainly meritless"; and (3) that petitioner not have engaged in "abusive litigation tactics or intentional delay." See id. at 277-78. Here, petitioner has not even requested that the Court hold the Petition in abeyance until the California Supreme Court rules on his pending habeas petition, let alone purported to make the three

3

necessary showings under Rhines.

Per Rhines, where the petitioner has presented the district court with a mixed petition and the Court determines that stay and abeyance is inappropriate, the district court must "allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." See Rhines, 544 U.S. at 278. Here, however, it appears to the Court that the option of allowing petitioner to delete his unexhausted claims and proceed with his one exhausted claim is not available based on the Ninth Circuit's holding and reasoning in Sherwood v. Tompkins, 716 F.2d 632 (9th Cir. 1983). In Sherwood, the petitioner was seeking habeas relief on the ground that he had been denied his right to appointed counsel and free transcripts. Although the petitioner's state appeal from his conviction still was pending, the petitioner arguably had exhausted his state remedies with respect to the particular claim being raised in his federal habeas petition. The Ninth Circuit held that the federal habeas petition nevertheless had to be dismissed for failure to exhaust state remedies:

> "[E]ven were Sherwood to have exhausted all his state remedies with respect to the denial of his appointed counsel and free transcript request, that would not be enough to satisfy the requirements of 28 U.S.C. §§ 2254(b) and (c). When, as in the present case, an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts.
>
> As we explained in Davidson v. Klinger, 411 F.2d 746, 747 (9th Cir. 1969), even if the federal constitutional question raised by the habeas corpus petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question." Sherwood,

1  716 F.2d at 634 (footnote and remaining citations omitted).

Other courts in this Circuit also have applied the <u>Sherwood</u> dismissal rule where the petitioner had a state habeas petition pending. See, e.g., <u>Henderson v. Cavazos</u>, 2011 WL 333232, at *1 (C.D. Cal. Jan. 31, 2011); <u>Guerra v. Small</u>, 2010 WL 703072, at *1 (N.D. Cal. Feb. 25, 2010); <u>Lockhart v. Hedgpeth</u>, 2008 WL 2260674, at **1 (N.D. Cal. May 30, 2008); <u>Craft v. Sisko</u>, 2008 WL 906438, at *1-*2 (C.D. Cal. Apr. 1, 2008); <u>McDade v. Board of Corrections</u>, 2007 WL 3146736, at *1 (N.D. Cal. Oct. 25, 2007); <u>Hancock v. Marshall</u>, 2007 WL 1521002, at *1 (N.D. Cal. May 24, 2007); <u>Kilgore v. Malfi</u>, 2007 WL 1471293, at *2-*3 (N.D. Cal. May 17, 2007).

IT THEREFORE IS ORDERED that, on or before **January 21, 2013**, petitioner either (a) file a formal stay-and-abeyance motion if he believes he can make the requisite three showings; or (b) show cause in writing, if any he has, why the Court should not recommend that this action be dismissed without prejudice for failure to exhaust state remedies.

DATED: <u>December 20, 2012</u>

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

5